. Mr Chief Justice Marshall'
delivered the opinion’ of the Court.
This case depends on the correctness of an instruction given *115 by the circuit court to the jury at the trial of. the cause, to which instruction the defendant in that court excepted.
The suit was instituted by the Washington, Alexandria and Georgetown Steamboat Company, for the hire of the steamboat Franklin, during the absence of the steamboat Sydney, the parties having disagreed with respect to the .time for which the contract was made. After the testimony was concluded, the court instructed the jury, that if they “shall believe, from the evidence aforesaid, that the said defendant did, on the 29th day of November 1831, write to the said plaintiff the said paper of that date, bearing his signature, and that the said plaintiff did accept the same by the said paper of the same date, and that the said defendant and plaintiff did respectively write to each other the papers bearing date the 5th and 6th of December 1831, and that the said steamboat Sydney did. in fact first arrive in the Potomac river, on the 6th of February 1832, and was placed on the route to Potomac creek, mentioned in the said evidence, on the 7th of February 1832, that then the said plaintiff is entitled to recover, under said contract so proved as aforesaid, at the .rate of 35 dollars per diem, from the said 20th of November 1S31, to the said 6th of February 1832, both inclusive;” The defendant, excepted to this instruction, and has sued forth a writ of error to the judgment, which was rendered on the verdict of the jury.
The original writ appears in the record, and bears date the 2d day of December 1831. It was returned executed on the first Monday in December, that being the first dap of the succeeding term, the day to which it was made returnable. The following entry was made on that day: “and the said .William A. Bradley, being called, appears in court here, by Joseph H. Bradley, his attorney, and thereupon th£> said, Wil-' liam A. Bradley, by his said attorney, prays, that the plaintiffs may declare against him, the said defendant, in the plea aforesaid ; whereupon it is ruled by the court here, that the said plaintiffs declare,” &c.
One objection taken by the plaintiff in error to the instruction given by the circuit court is, that they directed the jury to find damages for the'hire of the steamboat Franklin, from the 20th of November 183Í to the 6th of February 1832, whereas the suit was instituted on the 2d of December 1831.
*116 The counsel for the defendant does not contend that the hire of the Franklin could be estimated or damages given to any time posterior to the institution of the suit, but he insists that the writ is only intended to bring the party into court, and unless spread on the record by pleading, is no part of it.
Without entering into this inquiry, it is- to be observed in the present case, that the defendant appeared in the circuit Gourt in December 1831, and gave' a rule to declare. These facts are entered on the record and must be noticed. This court, therefore, cannot fail to perceive that the jury was instructed to give damages to a time long posterior to the institution of the suit.
The judgment is reversed and the cause remanded, with directions to award a venire facias de novo.
This cause came on to be heard on the transcript of the record from the circuit court of the United States for the district of Columbia, holden in and for the county of Washington, and was argued by counsel; on consideration whereof, it is adjudged and ordered by this court, that the judgment of the said circuit court in this cause be, and the same is hereby reversed, and that this cause be, and the same is hereby remanded to the said circuit court, with directions to award a venire’ facias de novo.